IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Ricky Antonio Holmes, #931415, | ) | C/A No.: 1:20-224-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER AND NOTICE |
| Aiken County Detention Center, E. Riddell, D. Kudron, and J. Whitaker, | ) ) ) ) | |
| Defendants. | ) ) | |

Ricky Antonio Holmes ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against the Aiken County Detention Center ("Detention Center"), Lieutenant E. Riddell ("Riddell"), Sergeant D. Kudron ("Kudron"), and Lieutenant J. Whitaker ("Whitaker") (collectively "Defendants"), in their individual capacities. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff is a civilly-committed detainee at Detention Center. [ECF No. 1 at 2, 4]. Plaintiff alleges he is the third person in a two-man cell with mold on

the walls and no working emergency intercom. *Id.* at 5–6, 8. He claims he was initially the fourth man in a two-man cell, prior to being moved to his current cell. *Id.* at 8. He states he has been served cold food, meat not fit for human consumption, and worm-infested beans. *Id.* at 6, 8. He indicates the jail has only two, moldy working showers. *Id.* at 8.

Plaintiff maintains these conditions have been present since August 21, 2019. *Id.* at 7. He claims he reported his complaints to Riddell, Kudron, and Whitaker, who threatened to put him on lockdown if he filed additional grievances. *Id.* at 9.

Plaintiff requests $25,000 in punitive damages. *Id.* at 6.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim

based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain

3

sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B. Analysis

1. Detention Center Not A Person Under § 1983

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, inanimate objects such as buildings, facilities, and grounds are not "persons" and cannot act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit

---

[1] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

4

under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Detention Center does not qualify as a "person" subject to suit under § 1983. Accordingly, Plaintiff's complaint is subject to summary dismissal as to Detention Center.

    2.    Failure to State a Claim

Plaintiff has failed to meet an essential element of a claim under 42 U.S.C. § 1983 in that he has not alleged Defendants deprived him of rights secured by the Constitution or the laws of the United States.

Actions brought pursuant to 42 U.S.C. § 1983 by civilly-committed detainees are evaluated under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, 537 n. 16 (1979); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Plaintiff's rights under the Fourteenth Amendment are at least as great as Eighth Amendment protections available to prisoners. *Martin*, 849 F.2d at 870.

Plaintiff identified no federal constitutional or statutory rights in response to the question on the complaint form "[i]f you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?" [ECF No. 1 at 4]. Instead, Plaintiff provided the following conclusory statement: "My Right to have a suit[a]ble living

constitution, As well As my Inmate Rights, and My Right to have suit[a]ble food to Eat, As well As my Right to have clean showers and cell without Mold in it." *Id.*

To the extent Plaintiff claims his constitutional rights were violated by exposure to unsanitary conditions, being served unsavory meals, and being housed three or four to a two-man cell, he has not met the threshold to show a constitutional violation. "[N]ot every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin*, 849 F.2d at 870 (citing *Bell*, 441 U.S. at 537). To demonstrate a constitutional violation with respect to prison conditions, a plaintiff must show "(1) a serious deprivation of a basic human need" and "(2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347; *Wilson v. Seiter*, 501 U.S. 294 (1991). "The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments. If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).

The specific actions Plaintiff challenges have not been deemed unconstitutional in the absence of a specific, serious injury. "[Double] or triple

celling of inmates is not *per se* unconstitutional. *Id.* (emphasis in original) (citing *Rhodes*, 452 U.S. at 348; *Hite v. Leeke*, 564 F.2d 670, 673–74 (4th Cir. 1977); *see also Crowe v. Leeke*, 540 F.2d 740 (4th Cir. 1976) (finding confinement of three prisoners in a 7' x 9' cell, while unpleasant, was not cruel and unusual punishment in violation of the Eight Amendment). Service of cold, spoiled, and poorly-prepared food does not necessarily rise to a constitutional violation. *See Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir. 1994) (holding that allegations of cold, poorly prepared beans were insufficient to state a constitutional claim); *Bedell v. Angelone*, No. 2:01-cv-780, 2003 WL 24054709, at *14 (E.D. Va. 2003), *aff'd per curiam*, 87 F. App'x 323 (4th Cir. 2004) ("Being served rotten food is unpleasant and unfortunate; however, it simply does not rise to the level of a constitutional violation because Plaintiff has not shown that it resulted in a serious deprivation or that Defendants were deliberately indifferent."). To the extent Plaintiff alleges his bathing opportunities have been limited by the presence of only two working showers, this does not rise to a constitutional violation. *See Polly v. Wright*, No. 4:18-3464-JMC, 2019 WL 1306079, at *2 n. 1 (D.S.C. Mar. 22, 2019) (providing "the Fourth Circuit has held that bathing opportunities may be severely reduced or curtailed without violating Eighth Amendment rights) (citing *Shakka v. Smith*, 71 F.3d 162, 168 (4th Cir. 1995 (three days without a shower was not a constitutional violation); *Blackburn v. South Carolina*, No. 0:06-2011-PMD-BM, 2009 WL 632542, at *17

7

(D.S.C. Mar. 10, 2009) (ten days without a shower was not a constitutional violation)). Moreover, exposure to mold has not been deemed unconstitutional in the absence of specific injury. *See Shrader v. White*, 761 F.2d 975, 984 (4th Cir. 1985); *Polly*, 2019 WL 1306079, at *2 n. 1 (concluding Plaintiff "has shown no injury for which relief can be granted) (citing *Rouse v. Clarey*, No. 4:14-726-JMC, 2015 WL 3903722 (D.S.C. Jun. 25, 2015) (no constitutional violation where a defendant alleges black mold in the facility but claims no injury); *Green v. Gusman*, No. 15-1738, 2016 WL 3033541 (E.D. La. May 6, 2016) (presence of mold in a prison setting is not a constitutional violation where there is no injury associated with it)).

As Plaintiff has not shown that the Detention Center's overcrowding and other conditions deprived him of a specific human need and that Riddell, Kudron, and Whitaker were deliberately indifferent to a constitutional violation, his complaint is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **February 17, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation

8

and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

January 27, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge