IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky Antonio Holmes, | C/A No. 1:20-224-JFA-SVH |
| Plaintiff, | |
| vs. | |
| E. Riddell, D. Kudron, J. Whitaker, Aiken County Sheriff Office, and C. Erikson, | **ORDER** |
| Defendants. | |

This matter is currently before the Court on Plaintiff's motion to amend/correct his amended complaint (ECF No. 21) and his motion to proceed *in forma pauperis*. (ECF No. 22). On February 10, 2020, Plaintiff filed his amended complaint pursuant to 42 U.S.C. § 1983 against Lieutenant E. Riddell ("Riddell"), Aiken County Sheriff's Office ("Sheriff's Office"), and Sergeant C. Erikson ("Erikson") (collectively "Defendants"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 12). The Magistrate Judge recommended this Court dismiss Plaintiff's amended complaint with prejudice. Additionally, the Magistrate Judge advised

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff of the right to object to the Report by February 25, 2020. However, Plaintiff failed to file any objections.

On March 17, 2020, the Court issued an order which adopted the Report and Recommendation and dismissed this action with prejudice. Now, Plaintiff seeks to file an amended complaint and permission to proceed *in forma pauperis*. The Court has reviewed Plaintiff's proposed amended complaint and it is substantially identical to his original amended complaint which was previously dismissed. Although pro se complaints are held to a less stringent standard than those drafted my attorneys, the Court cannot ignore the clear failure of Plaintiff's pleadings to allege facts which set forth a legally cognizable claim. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Plaintiff's proposed second amended complaint fails to state a claim upon which relief may be granted for the same reasons set forth in the Magistrate Judge's Report and Recommendation on the first amended complaint.

Accordingly, Plaintiff's motion to amend/correct his amended complaint (ECF No. 21) is denied. Additionally, Plaintiff's motion to proceed *in forma pauperis* is denied as moot. (ECF No. 22).

IT IS SO ORDERED.

May 21, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge