IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky Antonio Holmes,<br><br>    Plaintiff,<br><br>vs.<br><br>E. Riddell, D. Kudron, J. Whitaker, Aiken County Sherriff Office, and C. Erikson,<br><br>    Defendants. | C/A No. 1:20-224-JFA-SVH<br><br><br><br>**ORDER** |

  This matter is before the Court on Ricky Antonio Holmes' ("Plaintiff") motion to amend/correct the amended complaint (ECF No. 26) and motion for leave to proceed *in forma pauperis*. (ECF No. 27).

  On February 11, 2020, the Magistrate Judge filed a Report and Recommendation opining that the Court dismiss this action with prejudice. (ECF No. 17). The Magistrate Judge also advised Plaintiff of his right to object to the Report by February 25, 2020. However, Plaintiff failed to file any objections to the Report.

  In the absence of any objections, the Court adopted the Reported and Recommendation on March 23, 2020 and dismissed Plaintiff's amended complaint with prejudice and without issuance and service of process. (ECF No. 17).

  On May 11, 2020, Plaintiff filed motions to amend the amended complaint and proceed *in forma pauperis*. (ECF No. 21 & 22). On May 22, 2020, the Court denied these motions as moot. (ECF No. 24).

  On July 13, 2020, Plaintiff filed the instant motions to amend the amended complaint and for permission to proceed *in forma pauperis* for the second time. However, like Plaintiff's amended complaint and previous motion to amend the complaint, his claims are frivolous on their

face and fail to state a claim upon which relief may be granted. Moreover, the Court has already dismissed these claims with prejudice and denied Plaintiff's previous motion to amend the complaint and proceed *in forma pauperis*. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (The Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when…the amendment would be futile."). It appears Plaintiff is seeking to proceed with his case, but Plaintiff has lost this opportunity. He had the opportunity to put forth his claims when he filed the initial complaint and then again when he filed his amended complaint. Additionally, Plaintiff had the opportunity to argue against his claims being dismissed when the Report and Recommendation was filed as he was advised of his right to object to it. However, he failed to do so.

Although the Court is mindful of the fact that Plaintiff is proceeding *pro se* and that the federal courts have historically treated pro se litigants with some degree of liberality, pro se litigants are not immune from any sanction by virtue of their status alone. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). "Pro se litigants do not have an absolute and unconditional right of access to the Courts in order to prosecute frivolous, malicious, abusive or vexatious motions." *Tellefsen v. McDivitt*, 2008 WL 90222, at 2 (W.D. N.C. Jan. 8, 2008) citing *Demos v. Keating*, 33 Fed. Appx. 918 (10th Cir. 2002). and *In re Vincent*, 105 F.3d 943 (4th Cir. 1997). Plaintiff is advised of Federal Rule of Civil Procedure 11 which states in pertinent part:

> By presenting to the court…a pleading…an…unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances-
> (1) It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) The claims…are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law…;
> (3) The allegations and other factual contentions have evidentiary support or, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery…

Fed. R. Civ. P. 11(b). The Plaintiff is hereby warned that future frivolous filings may result in the imposition of sanctions pursuant to Rule 11. Such sanctions may include directives of a non-monetary nature, an order to pay penalty into court, an order directing payment of reasonable attorneys' fees incurred, and/or an injunction against making any filings within the District of South Carolina. *See Vestal v. Clinton*, 106 F.3d 553 (4th Cir. 1997); *See also Foley v. Fix*, 106 F.3d 556 (4th Cir. 1997).

For the same reasons the Court stated in its previous Order, Plaintiff's motion to amend/correct his amended complaint (ECF No. 26) is denied and Plaintiff's motion to proceed *in forma pauperis* is denied as moot. (ECF No. 27).

IT IS SO ORDERED.

July 27, 2020  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge